IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMAZING GRACE BED & BREAKFAST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0298-WS-N |
| | ) | |
| MAYOR HENRIETTA BLACKMUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the plaintiffs' motion for Rule 11 sanctions. (Doc. 26). The defendants have filed a response, (Doc. 32), the plaintiffs declined the opportunity to file a reply, (Doc. 28), and the motion is ripe for resolution.

As discussed in the Court's order granting in part the defendants' motion to dismiss, (Doc. 27), among the plaintiffs' claims is one for deprivation of property or liberty without due process. There can be no due process claim if state law provides the plaintiffs a process sufficient to remedy the procedural deprivation. (*Id*. at 5). Here, the deprivation occurred at the local level, in connection with the decision of the City of Camden Zoning Board ("the Board"), and state law allows the plaintiffs the right to appeal the Board's decision to state court. (*Id*.).

In their opening brief on motion to dismiss, the defendants argued that the plaintiffs had not appealed the Board's decision and therefore could not successfully maintain their due process claim. (Doc. 9 at 9-10). In their responsive brief, the plaintiffs did not assert that they had filed a notice of appeal but only that their ability to proceed with an appeal had been hampered by the defendants' failure to release to them a transcript of the Board's proceedings. (Doc. 19 at 3). The defendants in reply noted the plaintiffs' failure to deny they had taken no appeal. (Doc. 23 at 5). In an unauthorized

sur-reply, the plaintiffs for the first time asserted they had appealed the Board's decision. (Doc. 24 at 1-2). They presented no evidence to support the contention. However, the defendants subsequently filed a motion to supplement or clarify,[1] in which they confirmed their discovery of documents filed in Circuit Court, two of which contained the words, "Notice of Appeal." (Doc. 25 at 2). One of these documents, attached to the defendants' motion, is a copy of the complaint filed in this Court, with the phrase "Notice of Appeal" typed on the right side of the style, the words "Circuit Court" handwritten above the typewritten word "Complaint," and the stamp of the Circuit Court clerk indicating the document was filed on May 22, 2009. (*Id.*, Exhibit A). The defendants also acknowledged another document styled, "Notice of Appeal Decision from Hearing of 4/28/09." (Doc. 25 at 2). The defendants nevertheless "in no way concede that a proper appeal has been filed." (*Id.*).

The plaintiffs responded by filing the instant motion for sanctions. As noted, the defendants' own filing confirms that a "notice of appeal has been filed." The plaintiffs' exhibits reflect that on May 26, the Board, the city council, and federal defendant Andrew Cromer received certified mailings from the plaintiffs, which are alleged to include "complaint/appeal." (Doc. 26 at 14-20). Other exhibits reflect that the Circuit Court acknowledged payment of the filing fee on May 29, (*id.* at 22), set the case for July bench trial on June 26, (*id.* at 27), and twice continued that setting. (*Id.* at 24-25). These documents consistently refer to the case of Stanford Mendenhall v. Mayor Henrietta Blackmon, Andrew Cromer, et al., CV 2009-00040.

The defendants admit that the status of a state court appeal "is a matter of public record." (Doc. 32 at 3). Nevertheless, they state they were ignorant of the appeal until, upon receiving the plaintiffs' sur-reply, counsel contacted defendant Cromer (himself a lawyer) and learned of a "stack of documents" filed in Circuit Court and, upon review at the courthouse, discovered that the stack included the "notice of appeal" documents

---

[1]The motion was granted. (Doc. 27 at 1 n.1).

mentioned above.  (Doc. 25 at 2; Doc. 32 at 2).  What remains unclear is why the federal defendants — who are also defendants in the state case — did not peruse the "public record" before representing to the Court that no appeal had been filed.

Equally puzzling is why counsel did not inquire of the defendants whether an appeal had been filed or, if counsel did inquire, why the defendants did not mention the pending state lawsuit.  Although the defendants assert (without supporting evidence) that they have not been "served with the documents which were filed," (Doc. 25 at 2; Doc. 32 at 2), they were clearly served with something on May 26, and the plaintiffs' evidence suggests it was, or included, the state court complaint/appeal.  (Doc. 26 at 19-20).

These circumstances are troubling, but the plaintiffs' motion is procedurally defective.  A party seeking sanctions must first serve his adversary with a motion for sanctions, and he must not file the motion unless the adversary fails to withdraw or otherwise correct the offending contention within 21 days of service.  Fed. R. Civ. P. 11(c)(2).  The defendants assert, and the plaintiffs admit, noncompliance with this requirement.  (Doc. 26 at 3; Doc. 32 at 4).  Failure to give the required 21-day notice "forecloses Rule 11 sanctions."  *Macort v. Prem, Inc*., 208 Fed. Appx. 781, 786 (11th Cir. 2006).[2]  Moreover, the defendants' motion to supplement or clarify properly corrected the objectionable representation that no appeal had been filed.

For the reasons set forth above, the motion for sanctions is **denied**.[3]

---

[2]*Accord In re: Schaefer Salt Recovery, Inc*., 542 F.3d 90, 99 (3rd Cir. 2008); *Anderson v. XYZ Correctional Health Services, Inc*., 407 F.3d 674, 679 (4th Cir. 2005); *In re: Pratt*, 524 F.3d 580, 588 (5th Cir. 2008); *Winterrowd v. American General Annuity Insurance Co*., 556 F.3d 815, 826 (9th Cir. 2009); *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

[3]The plaintiffs' motion is choked with over two dozen allegations that the defendants and their counsel are "lying" and presenting "blatant falsehoods," and it includes allegations of "perjury."  The plaintiffs' pro se status will not shield them from the consequences of such irresponsible conduct in this Court.

DONE and ORDERED this 27th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
