IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMAZING GRACE BED &<br>BREAKFAST, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 09-0298-WS-N |
| | ) | |
| MAYOR HENRIETTA BLACKMUN,<br>et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motion to dismiss.  (Doc. 39).
The parties have filed briefs in support of their respective positions, (Docs. 40, 45, 49),
and the motion is ripe for resolution.  After carefully considering these materials,[1] the
Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

The plaintiffs are an interracial couple (Stanford and Linda Mendenhall) and
Amazing Grace Bed and Breakfast.  The defendants are the City of Camden ("the City"),
the City of Camden Adjustment Board ("the Board"),[2] Mayor Henrietta Blackmun, and

---

[1]The plaintiffs filed three declarations in opposition to the motion to dismiss.
(Docs. 46-48).  The Court has not reviewed or considered these declarations because,
"[w]hen considering a motion to dismiss, ... the court limits its consideration to the
pleadings and the exhibits attached thereto."  *Thaeter v. Palm Beach County Sheriff's
Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotes omitted).  The defendants'
motion to strike, (Doc. 49 at 2), is **denied as moot**.

[2]This is the name given this defendant in the style and throughout the body of the
amended complaint.  A stray reference to the "City of Camden Zoning Board," (Doc. 34,
¶ 3), echoes the original complaint but does not make this entity, to the extent it is

attorney Andrew Cromer.[3]

The plaintiffs sought a permit to operate a bed and breakfast out of their home, which was denied. The Court granted in part the defendants' motion to dismiss the original complaint and also granted their motion for more definite statement. (Doc. 27 at 10). The plaintiffs then filed a first amended complaint alleging that the defendants improperly denied the permit and improperly interfered with the Mendenhalls' appeal of that denial. The amended complaint asserts the following causes of action:

- Count One    Section 1981
- Count Two    Section 1982
- Count Three  Section 1983
- Count Four   Sections 1985 and 1986
- Count Five   Declaratory judgment

(Doc. 34).[4]

The defendants, pursuant to Rule 12(b)(6), seek dismissal of Linda for lack of standing; of Blackmun and Cromer for lack of an alleged constitutional violation; and of all claims (other than Section 1981) on various grounds.

---

separate from the Board, a defendant to this action.

[3]While the amended complaint refers generally to fictitious defendants, (Doc. 34, ¶ 12), its style identifies only the four defendants listed in text, and its body addresses only these four defendants. Even had the plaintiffs attempted to assert claims against fictitious defendants, "the Federal Rules do not authorize suit against fictitious parties." *CSX Transportation, Inc. v. United Transportation Union*, 236 Fed. Appx. 562, 562 n.1 (11th Cir. 2007).

[4]The amended complaint asserts that "[t]his case also arises under the Americans with Disabilities Act," (*id*., ¶ 17), but no such claim is articulated. Similarly, the amended complaint asserts that "[t]his Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for state and common law claims," (*id*., ¶ 18), but no such claims are identified. The claims listed in text constitute all the claims alleged in the amended complaint.

**DISCUSSION**

A complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* "We have held that a Complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Corbitt v. Home Depot U.S.A., Inc*., 589 F.3d 1136, 1170 (11th Cir. 2009) (internal quotes omitted). "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc*., 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.* at 1261. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted). The defendants' only invocation of *Twombly* and *Iqbal* is addressed in Part II.

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 550 U.S. at 563 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). "Dismissal is appropriate when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *D.P. ex rel. E.P. v. School Board*, 483 F.2d 725, 728-29 (11th Cir. 2007) (internal quotes omitted). In making this assessment, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotes omitted). The burden is on the defendant to make the requisite showing. *Kirwin*, 391 F.3d at 1325; *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-36 (11th Cir. 1998).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). The Court's review on this motion to dismiss is similarly limited to those arguments the parties have expressly advanced. Moreover, "a passing reference to an issue in a brief [is] insufficient to properly raise that issue," *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005), and the Court will not supply legal or analytical support the parties have declined to offer themselves.

## I. Waiver.

The plaintiffs argue that the defendants waived the right to pursue a motion to dismiss by filing an answer. (Doc. 48 at 6-7). Rule 12(b) provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed," and a Rule 12(b)(6) motion filed after filing an answer is a "nullity." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002).[5] The defendants'

---

[5]*But see Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2nd Cir. 2001) (joining "the overwhelming weight of authority" that such a motion should be construed

motion, however, was filed four minutes before their answer and so complies with Rule 12(b).

The plaintiffs also argue that the defendants waived their motion to dismiss by participating in a discovery planning conference after filing the motion. (Doc. 48 at 7). Participation in that conference was required by Rule 26(f) and court order, (Doc. 42), and it in no wise worked a waiver.

## II. Standing.

The defendants argue that Linda lacks standing because only Stanford applied for a permit. (Doc. 40 at 2-3). The defendants rely on the amended complaint's allegations that "Stanford Mendenhall desired to open a Bed & Breakfast," and that "Stanford Mendenhall submitted the required paperwork for a permit." (Doc. 34, ¶¶ 23, 26). However, the amended complaint also alleges that Linda co-owns the property in which the bed and breakfast would be housed, relates that the former owners restored and remodeled the property specifically for use as a bed and breakfast and "sold the property and home [to Linda as well as Stanford] as a Bed and Breakfast," describes the business as "*their* Bed & Breakfast," asserts that "Plaintiffs were not given ... adequate time to present *their* case," and complains that the defendants interfered with the Mendenhalls' desire "to appeal the Defendants' denial of *their* permit." (*Id*., ¶¶ 24, 28, 29, 38, 45 (emphasis added)). The defendants have not addressed these allegations, which suggest that Linda had a direct financial interest in the enterprise.[6] Nor have they provided support for the proposition that a spouse with a direct financial interest in an enterprise

_____

as a motion for judgment on the pleadings pursuant to Rules 12(c) and 12(h)).

[6]The defendants question whether Linda really has an ownership interest in the property. (Doc. 49 at 4 n.1). For purposes of their motion to dismiss, however, the amended complaint's allegation that she co-owns the property must be accepted.

denied a permit lacks standing to challenge the denial.[7]  On the slender argument and authority presented, the defendants have not shown themselves entitled to dismissal of Linda's claims against them.

### III.  Blackmun and Cromer.

The defendants argue that the allegations against Blackmun and Cromer "do not rise to the level of a violation of Plaintiff's constitutional rights."  (Doc. 40 at 3).  As the defendants themselves note, however, the amended complaint alleges that Blackmun and Cromer have refused to produce minutes of the hearings, tapes of them, or a written decision denying the permit.  What they ignore is that the amended complaint alleges that these actions have prejudiced the plaintiffs' ability to appeal the denial of a permit and that they were taken for the purpose of discriminating against the Mendenhalls because of their race and interracial marriage.  (Doc. 34, ¶¶ 48, 61-62).  As discussed in Part V, these allegations plainly implicate the Equal Protection Clause.  To the extent the defendants intend to assert that the conduct described above cannot possibly violate the Equal Protection Clause, they have provided no explanation or authority to support their position, which must therefore be rejected.[8]

### IV.  Section 1982.

_____

[7]The one case they cite ruled that a property owner lacked standing to challenge the process afforded two billboard companies who desired to erect a billboard on the plaintiff's property.  *Messer v. City of Douglasville*, 975 F.2d 1505, 1514 (11th Cir. 1992).  The property owner did not have a financial interest in the billboard companies.

[8]The defendants appear to confine their argument to the role of Blackmun and Cromer in the vote denying a permit.  (Doc. 40 at 4).  Because the defendants seek dismissal of Blackmun and Cromer as defendants, and because the allegations against them concerning their post-vote activity have not been shown to be legally inadequate, they are not entitled to dismissal in any event, and the Court need not separately consider their role in the vote.

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.  The defendants argue that Section 1982 does not reach refusals to allow property to be used as a bed and breakfast.  (Doc. 40 at 5-6).

"To effectuate the remedial purpose of the statute [Section 1982], the Court has broadly construed this language to protect not merely the enforceability of property interests acquired by black citizens but also their right to acquire *and use* property on an equal basis with white citizens."  *City of Memphis v. Greene*, 451 U.S. 100, 121 (1981) (emphasis added).  Thus, Section 1982 "might be violated if the street closing severely restricted access to black homes, because blacks would then be hampered in *the use* of their property."  *Id*. at 123 (emphasis added).  The statutory term "hold" generally encompasses "use" of the property.  *See id.* at 121-22 (substituting "use" for "hold"); *accord United States v. Brown*, 49 F.3d 1162, 1166-67 (6th Cir. 1995); *Lac du Flambeau Band v. Stop Treaty Abuse-Wisconsin, Inc*., 991 F.2d 1249, 1257 (7th Cir. 1993); *United States v. Greer*, 939 F.2d 1076, 1091 (5th Cir. 1991).  More specifically, "[a]lthough the full scope of § 1982 has never been made clear, it has long been held to be a viable provision for challenging exclusionary land use restrictions."  *Jackson v. Okaloosa County*, 21 F.3d 1531, 1539 (11th Cir. 1994).

The amended complaint clearly alleges that the defendants, on the basis of the plaintiffs' race and interracial marriage, interfered with their ability to operate a bed and breakfast on their property.  Operating a bed and breakfast would appear to constitute a "use" of the property within the contemplation of these and other decisions.  The defendants, who ignore these authorities, have not demonstrated that the plaintiffs cannot establish a claim under Section 1982.

## V.  Section 1983.

The defendants first argue that the amended complaint fails to state a claim because it does not identify any constitutional right violated by them.  (Doc. 40 at 7-8).  The amended complaint, however, repeatedly alleges that the defendants discriminated against the Mendenhalls because of their race and their status as an interracial couple, (Doc. 34, ¶¶ 34, 36, 42, 48, 62), and Count Three expressly incorporates those allegations.  (*Id*., ¶ 84).  Moreover, the body of Count Three invokes *Loving v. Virginia*, 388 U.S. 1 (1967), itself an equal protection case.  (*Id*., ¶ 86).  The amended complaint thus plainly bases the Section 1983 claim on a violation of the Equal Protection Clause.  That it does not explicitly do so is of no moment because there need only be "direct *or inferential* allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Financial Security Assurance, Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotes omitted) (emphasis added) (post-*Twombly* decision).

The defendants also argue that the plaintiffs "do not plead that the constitutional violation was inflicted pursuant to an official policy or custom of the City of Camden and/or the Board of Adjustment."  (Doc. 40 at 8).  Here again the defendants overlook the language of the amended complaint, which expressly alleges that the City and the Board acted pursuant to official policy.  (Doc. 34, ¶¶ 4, 10, 11, 14).

In their reply briefs, the defendants try a new argument, suggesting for the first time that "there must be more than the mere mention of a policy or custom."  (Doc. 49 at 9).  District courts, including this one, ordinarily do not consider arguments raised for the first time on reply,[9] and the defendants offer no reason the Court should stray from the rule here.

Even had the argument been timely raised, it has not been adequately supported.

---

[9]*See Park City Water Authority v. North Fork Apartments, L .P.* 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).

"No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body — whether or not that body had ever taken similar action in the past or intended to do so in the future — because even a single decision by such a body unquestionably constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). The defendants have not explained how a governmental vote to deny a permit to operate a bed and breakfast could be anything other than an "act of official government policy" under *Pembaur*.

## VI.  Section 1985.

The defendants first argue that this claim is barred by the intra-corporate conspiracy doctrine.  (Doc. 40 at 9-10).  Under that doctrine, "a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation." *Dickerson v. Alachua County Commission*, 200 F.3d 761, 767 (11th Cir. 2000).  The doctrine applies to governmental actors sued under Section 1985(3), *id.* at 767-68, and Section 1985(2).  *Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001).[10]

The Eleventh Circuit has applied the doctrine when the only conspirators are the governmental entity and/or employees of the entity.  *See Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 887, 891 (11th Cir. 2007) (the conspirators were the city and its employees); *Denney*, 247 F.3d at 1177, 1191 (the conspirators were two city employees); *Dickerson*, 200 F.3d at 767-68 (the conspirators were county employees). Here, however, Blackmun is the mayor and not obviously an employee, and Cromer is an attorney and also not obviously an employee.  The defendants have not attempted to show that the intra-corporate conspiracy doctrine stretches so far, and the Court will not

---

[10]The phrasing of the plaintiffs' claim makes clear that it falls under Section 1985(2).  (Doc. 34, ¶ 91).

endeavor to supply the deficiency.

The defendants also argue the claim is defective for failure to allege the existence of an agreement among them.  (Doc. 40 at 10-11).  "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal."  *Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865, 876 (11ᵗʰ Cir. 2006); *accord Albra*, 232 Fed. Appx. at 890; *Eubank v. Leslie*, 210 Fed. Appx. 837, 842 (11ᵗʰ Cir. 2006).  The amended complaint contains no such allegation, and the Section 1985 claim is therefore subject to dismissal.

## VII.  Section 1986.

As the defendants point out, (Doc. 40 at 11), a claim under Section 1986 is derivative of a claim under Section 1985, and if the Section 1985 claim fails, the Section 1986 claim fails along with it.  *Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11ᵗʰ Cir. 2003).

## VIII.  Declaratory Judgment.

According to the amended complaint, the plaintiffs appealed the Board's adverse decision to state court in compliance with state law, but the appeal has been stymied almost a year due to the defendants' failure to release a written decision, minutes of the hearings, and a tape of the hearings.  (Doc. 34, ¶¶ 45-70).  In the face of this conduct, the plaintiffs seek a declaration that they are entitled to a permit for their bed and breakfast and an order compelling the City and Board to issue it.  (Doc. 34, ¶ 101).

Without citing a single supporting authority, the defendants assert that the plaintiffs "cannot maintain their declaratory judgment claim because there is an adequate state remedy."  (Doc. 39 at 3; *accord* Doc. 40 at 12).  Indeed, the defendants posit that, even if their alleged misconduct results in the dismissal of the plaintiffs' state court appeal, "preemption of the state court remedy dictates dismissal of the federal court

-10-

declaratory action even if the state court holds the appeal to be untimely or improperly filed." (Doc. 49 at 11). The defendants' failure to produce any supporting authority for their conclusory argument compels its rejection.

## CONCLUSION

For the reasons set forth above, the defendants' motion is **granted** with respect to Count Four and is in all other respects **denied**.

DONE and ORDERED this 23rd day of February, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE