IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA MENDENHALL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 09-00298-WS-N |
| MAYOR HENRIETTA BLACKMUN, et al., | ) |
| Defendants. | ) |

ORDER

This action is before the Court on a motion (doc. 70) filed by Mike Marshall, a non-party to this action) to quash a subpoena issued by the plaintiffs. This matter has been referred to the undersigned pursuant to Standing Order 6 of this Court. The subpoena at issue requires Mr. Marshall to appear for deposition on August 18, 2010 at 10:30 a.m. and to bring with him "[a]ll materials and media in your possession relating to or used in the writing of the story "B&B Ignites War" which appeared in The Hunstville Times on May 10, 2009, and any other materials in your possession relating to Stanford or Linda Mendenhall." The subpoena was issued by the Clerk of this Court on August 10, 2010, and not served on Mr. Marshall until August 16, 2010[1]. Upon consideration of the motion and all other pertinent portions of the record, the undersigned concludes and it

---

[1] The subpoena was delivered to Mr. Marshall "c/o The Huntsville Times, 2317 South Memorial Pkwy., Humstville, AL 35805."

is therefore **ORDERED** that the motion is due to be and is hereby **GRANTED** and the subpoena at issue is hereby **QUASHED**.

> (3) **Quashing or Modifying a Subpoena**.
>
> (A) **When Required**. On timely motion, the court must quash or modify a subpoena that:
>
> (i) **fails to allow a reasonable time to comply**;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to RCFC 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place;
>
> (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed.R.Civ.P. 45(c)(3)(A)(i) (emphasis added). It is clear that plaintiffs failed to allow Mr. Marshall sufficient time to comply with their subpoena. *See e.g.*, In re Rule 45 Subpoena to Fidelity Nat'l Information Services, Inc., 2009 WL 4899399, * 2 (M.D. Fla. Dec. 11, 2009)("Rule 45(c)(3)(A)(i) provides specifically that the subpoena shall be quashed if 'it fails to allow a reasonable time to comply'. Although 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language of Rule 45(c)(2)(B) to find fourteen days from the date of service is presumptively reasonable."), *citing* McClendon v. TelOhio Credit Union, Inc., No. 2:05-CV-1160, 2006 WL 2380601 (S.D. Ohio Aug.14, 2006).

In addition to the problem regarding sufficiency of time, Mr. Marshall has clearly raised a defense of "reporter's privilege." As the Eleventh Circuit has made clear:

> The standard governing the exercise of reporter's privilege as articulated in Miller v. Transamerican Press, Inc., 621 F.2d 721, 726 (5th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 238 (1981), provides that information may only be compelled from a reporter claiming privilege if the party requesting the information can show that it is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources. *See* In re Selcraig, 705 F.2d 789, 792 (5th Cir.1983).

United States v. Caporale, 806 F.2d 1487, 1504 (11th Cir. 1986). *See also*, United States v. Libby, 432 F.Supp2d 26, 45 (D. D.C. 2006)("The reporters' privilege in the civil context is qualified, and 'courts ... look to the facts of each case, weighing the public interest in protecting the reporter's sources against the private interest in compelling disclosure' before requiring disclosure."), *quoting* Zerilli v. Smith, 656 F.2d 705, 712 (D.C. Cir. 1981). Should plaintiffs seek to compel Mr. Marshall to produce documents or testify regarding matters subject to his assertion of a reporter's privilege, they must make a showing that the information "is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." Caporale, 806 F.2d at 1504.

**Done** this 18th day of August, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE