IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMAZING GRACE BED & BREAKFAST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 09-0298-WS-N ) |
| MAYOR HENRIETTA BLACKMUN, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiffs' motion to reconsider, alter, amend or vacate. (Doc. 112). The motion addresses the Court's order granting in part the defendants' motion for summary judgment. (Doc. 110). Because that order did not result in a judgment, a motion to alter or amend under Rule 59(e) is not indicated, and the Court construes the motion as one to reconsider.

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185

(S.D. Ala. 2007) (internal quotes omitted).[1] As this Court has noted, "[m]otions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009). The plaintiffs' motion does not acknowledge, much less address, this stringent standard, and it is plain they cannot attain it.

The plaintiffs first ask the Court to consider their affidavits for the proposition that they assert a claim under the Americans with Disabilities Act ("ADA"). (Doc. 113 at 3-4). As discussed in the Court's order on motion for summary judgment, the affidavits were reduced to irrelevance under Rule 56(c) by the plaintiffs' failure to reference them in their opposition to the motion. (Doc. 110 at 3 & nn.2-3). Moreover, the claims at issue in a case are determined by the pleadings and rulings thereon, not by affidavits asserting that such claims exist. The plaintiffs point out that their first amended complaint references the ADA but, as the Court ruled in granting in part the defendants' motion to dismiss, no ADA claim is alleged therein and no such claim is in the case. (Doc. 50 at 2 & n.4). That ruling was issued in February 2010, and it is far too late to challenge it now. At any rate, the Court's ruling is patently correct, as the first amended complaint carefully sets forth five and only five counts, none of which invokes the ADA. (Doc. 34 at 8-11). The raw jurisdictional allegation that "[t]his case also arises under the

---

[1] While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

Americans with Disabilities Act," (*id.* at 3) – which is all the first amended complaint contains – does not somehow transmogrify into a claim under the ADA despite the complete absence of allegations under that statute or a pleaded count invoking it.  Finally, the plaintiffs have admitted they assert no ADA claim, (Doc. 103 at 14-15), and they cannot retract their admission simply because their actual claims have been dismissed.

The plaintiffs' second argument is that they have presented sufficient evidence of race discrimination to survive summary judgment.  (Doc. 113 at 4-7).  They rely for this proposition largely on the plaintiffs' affidavits and attachments thereto which, as discussed above, the Court properly refused to consider due to the plaintiffs' failure to reference them in their opposition to summary judgment.  The other main plank of their argument is a newly submitted declaration from Sheliah Jones.  The plaintiffs submitted an affidavit from Ms. Jones in opposition to summary judgment, (Doc. 101, Exhibit MM), the points she makes in her new declaration were obviously in issue at that time, and the exhibits she appends were in existence at that time.  As noted above, new evidence cannot be submitted on motion to reconsider unless it could not have been submitted previously.  This rule patently captures the tardy evidence from Ms. Jones.

Third, the plaintiffs challenge the defendants' argument that some of their submitted evidence should be stricken as hearsay.  (Doc. 113 at 7-9).  The plaintiffs did not raise these arguments prior to the Court's ruling on motion for summary judgment, and they do not explain why they should be permitted to do so now.  At any rate, the Court did not strike or decline to consider any of the plaintiffs' submitted evidence based on hearsay concerns, (Doc. 110 at 16 n.14), so the plaintiffs' argument, even if successful, could not alter the result of the defendants' motion for summary judgment.

Finally, the plaintiffs claim they presented a spoliation argument that the Court did not consider.  (Doc. 113 at 9-10).  "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 Fed. Appx. 298, 301 (11th Cir. 2009) (internal quotes omitted).  Spoliation may support an "adverse

inference" against the spoliating party, but "only when the absence of that evidence is predicated on bad faith." *Mann v. Taser International, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (internal quotes omitted). While malice is not required, "mere negligence in losing or destroying records is not sufficient to draw an adverse inference." *Id*. Moreover, "a party moving for sanctions must establish, among other things, that the destroyed evidence was relevant to a claim or defense such that the destruction of the evidence resulted in prejudice." *Eli Lilly & Co. v. Air Express International, USA, Inc.*, 615 F.3d 1305, 1318 (11th Cir. 2010). Ultimately, "[a] district court's decision regarding spoliation sanctions is reviewed for abuse of discretion." *Id*. at 1313.

The plaintiffs do not identify where in their opposition to summary judgment they presented a spoliation argument. The Court's careful review reveals a single usage of the term: "The Mayor was also, based on the information and belief [sic], instrumental with the taping of the hearing and subsequent spoliation of the tapes." (Doc. 103 at 5). Neither here nor elsewhere did the plaintiffs request the Court to draw an adverse evidentiary inference against the defendants based on failure to produce the tape. Nor did they request sanction of any kind based on the failure. Nor did they assert that the defendants acted in bad faith. Nor did they assert they were prejudiced by the absence of the tape.[2] Nor did they cite or address the controlling legal authority, such as that mentioned above.

Under these circumstances, the plaintiff's isolated mention of "spoliation" was wholly inadequate to present a spoliation argument to the Court. "Judges are not like pigs, hunting for truffles buried in briefs." *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009). An issue must be "fairly presented" in order to trigger consideration, and a glancing reference without discussion or legal

---

[2] The plaintiffs did state they needed the tape to refute certain descriptions of what occurred at the April 14 meeting but, since the plaintiffs themselves were at the meeting and could have testified as to what occurred, they did not require the tape in order to avoid summary judgment.

authority does not meet that standard. *Id*. As the Court has previously noted, (Doc. 110 at 2), "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).[3]

For the reasons set forth above, the plaintiffs' motion to reconsider, alter, amend or vacate is **denied**.

DONE and ORDERED this 11th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even could the lonely reference to "spoliation" constitute the presentation of a spoliation argument, the argument would necessarily fail due to the plaintiffs' complete failure to address or establish the necessary elements predicate to a spoliation sanction.