IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMAZING GRACE BED & BREAKFAST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 09-0298-WS-N ) |
| MAYOR HENRIETTA BLACKMUN, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

By previous order, the Court granted the defendants' motion for summary judgment in all respects save for one portion of the plaintiffs' declaratory judgment claim. The Court granted summary judgment on the declaratory judgment claim to the extent based on discrimination due to race or interracial marriage. (Doc. 110 at 16). The Court ordered additional briefing on the remaining, state-law remnant of the declaratory judgment claim, which seeks only a declaration that the plaintiffs are entitled to a permit to operate a bed and breakfast and an injunction compelling the defendants to issue such a permit. (Doc. 34 at 11). In particular, the Court ordered supplemental briefing concerning res judicata, discretion to entertain vel non a declaratory judgment claim, and discretion vel non to retain a claim under 28 U.S.C. § 1367(c). (*Id*. at 17). The parties have complied, (Docs. 111, 115), and the matter is ripe for resolution.

The defendants acknowledge that an element of res judicata is that a court of competent jurisdiction entered a judgment on the merits. (Doc. 111 at 3). The single case on which they rely does not support the proposition that any court has entered a judgment on the merits of the plaintiffs' entitlement to a permit. Accordingly, the defendants are not entitled to summary judgment based on res judicata.

[1]

The defendants argue that the Court should exercise its discretion not to entertain a declaratory judgment claim. (Doc. 111 at 7-10). The Court previously refused to grant the defendants summary judgment on this ground because they "have not identified or addressed the considerations articulated by the Supreme Court and the Eleventh Circuit as guiding a trial court's decision whether to exercise that discretion, and the Court will not perform this work on the defendants' behalf." (Doc. 110 at 15). On their second try, the defendants note there are nine such considerations, of which they identify one. (Doc. 111 at 8-9). Again, the Court will not construct the defendants' argument on their behalf. They are not entitled to summary judgment based on the Court's discretion not to entertain a declaratory judgment claim.

The defendants also argue the declaratory judgment claim should be dismissed based on collateral estoppel and the existence of a sufficient state remedy. (Doc. 111 at 5 & n.1, 10). These grounds were not raised in support of their motion for summary judgment, (Doc. 79 at 1-2; Doc. 80 at 1-2), and it is too late to inject them now.

The Court has jurisdiction over the remaining state-law declaratory judgment claim only because it falls within the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367(a). The Court is not required to exercise supplemental jurisdiction in all cases. In particular, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction …." *Id*. § 1367(c)(3).

This language invests the Court with discretion to exercise, or not to exercise, supplemental jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted). However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ─ judicial economy, convenience, fairness, and comity ─ will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This preference is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Cohill*, 484 U.S. at 350. However, the preference also applies when the federal claims are eliminated on motion for summary judgment. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[1] In such a situation, considerations of comity and fairness among the parties continue to favor dismissal. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").[2] Thus, retention of jurisdiction in this case is

---

[1] Other recent cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include *Linares v. Armour Correctional Health Services, Inc.*, 385 Fed. Appx. 926, 929 (11th Cir. 2010); *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed. Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

[2] Were dismissal of this action to leave the plaintiff unable to re-file its declaratory judgment claim in state court due to expiration of the statute of limitations, a serious question of unfairness would be presented. *E.g., Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998).
(Continued)

indicated only if considerations of judicial economy and convenience favor such retention and do so with sufficient force to outweigh the continuing pull of comity and fairness towards dismissal.

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker*, 468 F.3d at 746 (internal quotes omitted). The Court discerns no appreciable negative impact on judicial economy by dismissing this action. Should the plaintiffs elect to resurrect their declaratory judgment claim in a state action, the state judge will have superior expertise in the law governing whether the plaintiffs are entitled by state law to a permit to operate a bed and breakfast. This Court is familiar with the underlying facts due to its handling of the motion for summary judgment, but neither side has shown the Court therefore to be in a position to more easily resolve the issues raised by the declaratory judgment claim than a state court at home with the governing law. That familiarity suggests refiling in state court would affirmatively enhance judicial economy.

The property at issue is in Camden, the decision as to the property was made there, and the defendants are there. The property is owned by one or both of the plaintiffs. Although the plaintiffs live in Huntsville, and although Camden does not lie along an interstate highway, the difference in travel time as between Camden and Mobile is insignificant. Based on the parties' filings on motion for summary judgment, most possible witnesses live in or near Camden. The Court is unable to find that trial in Camden will be less convenient than trial in Mobile.

---

Congress, however, has provided that, when a court declines to exercise supplemental jurisdiction, any state limitations period "shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). The Supreme Court has upheld this provision as constitutional. *Jinks v. Richland County*, 538 U.S. 456, 465 (2003). Thus, the plaintiffs have the opportunity to pursue their state claim in state court without subjecting it to any limitations defense to which it is not already subject.

The parties were invited to brief discretionary retention or dismissal of state claims under Section 1367(c)(3), but they did not do so. Instead, they simply request the Court to exercise its discretion in favor of retaining jurisdiction. (Doc. 111 at 10; Doc. 115 at 7). The plaintiffs offer no reason at all, while the defendants explain that discovery and briefing to date have been time-consuming, burdensome and expensive. (Doc. 111 at 10). The defendants do not explain how that effort (which eliminated all but one small sliver of the plaintiffs' case) will be wasted if the state-law claim is dismissed. They certainly have not shown that a state judge would allow the plaintiffs to begin anew with discovery after the extensive opportunities for discovery they had in this Court. Assuming without deciding that the defendants' argument is relevant to judicial economy or convenience of the parties, it does not come close to outweighing the comity and fairness concerns that counsel dismissal.

After considering the factors identified by the Supreme Court and the Eleventh Circuit, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over the plaintiffs' state-law declaratory judgment claim. In such a situation, the correct disposition is dismissal without prejudice. *Dukes v. State of Georgia*, 212 Fed. Appx. 916 (11th Cir. 2006).[3]

---

[3] The plaintiffs suggest their declaratory judgment claim implicates due process. (Doc. 115 at 4, 6). While their original complaint invoked "Due Process," (Doc. 1 at 4; Doc. 27 at 2, 5-6), their amended complaint, which is the operative pleading, does not. (Doc. 34). On the contrary, it is expressly limited to racial discrimination, and the Section 1983 and 1985 claims are expressly limited to equal protection. The declaratory judgment claim adds no new allegations, (*id*. at 10-11), and so cannot implicate due process. To be perfectly clear, the amended complaint being dismissed by the Court contains no due process claim and no due process aspect to the declaratory judgment claim. The plaintiffs cannot file a second federal action asserting federal due process violations without being exposed to dismissal for failure to assert such a claim – either as a separate claim or as a component of a declaratory judgment claim – in this litigation.

For the reasons set forth above, the plaintiffs' motion for summary judgment as to the state-law aspects of the plaintiffs' declaratory judgment claim is **denied**. This claim is **dismissed without prejudice** under 28 U.S.C. § 1367(c)(3).

DONE and ORDERED this 25th day of February, 2011.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE